**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIANT STEVEN AREVALO-CHIVAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-1235

Agency No.
A212-997-345

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2023[**]
San Francisco, California

Before: PAEZ, CLIFTON, and H.A. THOMAS, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge PAEZ.

Briant Steven Arevalo-Chivas (Arevalo) petitions for review of a Board

of Immigration Appeals (BIA) order dismissing his appeal from the denial by an

immigration judge (IJ) of his application for asylum, withholding of removal

and relief under the Convention Against Torture (CAT). We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We deny the petition for review.

1.     Arevalo has not established that the BIA applied the wrong standard of review. The BIA correctly reviewed the IJ's factual findings for clear error, and there is no indication in the record that the BIA improperly deferred to the IJ's legal judgments. *See* 8 C.F.R. § 1003.1(d)(3)(i)–(ii).

2.     The agency did not err in denying Arevalo's claims for asylum and withholding of removal. First, the agency was "not require[d] to discuss every piece of evidence" of past persecution and nexus to a protected ground. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006). As nothing in the record "indicates a failure to consider all the evidence," the statement that the IJ considered the entire record is sufficient. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). Second, the agency's conclusion that Arevalo did not establish past persecution is consistent with our precedent. *See Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009); *Gu v. Gonzales*, 454 F.3d 1014, 1020–21 (9th Cir. 2006); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1181 (9th Cir. 2003). Finally, the BIA did not err in avoiding the non-dispositive issue of whether Arevalo's proposed particular social group, Salvadoran youth enrolled in college who are perceived to be gang affiliated, was cognizable. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("[A]gencies are not required to make findings on issues [which are] unnecessary to the results they reach.").

3.     Substantial evidence supports the agency's denial of Arevalo's

CAT claim. The agency correctly concluded that Arevalo's testimony and country conditions evidence did not establish a likelihood of future torture with the consent or acquiescence of public officials. *See Mairena v. Barr*, 917 F.3d 1119, 1126 (9th Cir. 2019); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

4.      For the reasons described above, the agency did not violate Arevalo's due process rights.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion to stay removal (Dkt. 1) is otherwise denied.

FILED

APR 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**Paez, J.**, concurring in part and dissenting in part.

I concur in the majority's disposition of Arevalo-Chivas's allegations of past persecution and Convention Against Torture claim, but I respectfully dissent from the majority's decision to uphold the agency's denial of Arevalo-Chivas's asylum and withholding of removal claims for failure to establish a well-founded fear of future persecution. In my view, the Board of Immigration Appeals ("BIA") and the Immigration Judge ("IJ") failed to give "reasoned consideration" to "potentially dispositive testimony and documentary evidence" when considering nexus for these claims. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). Therefore, I would grant the petition in part and remand for further consideration of nexus and to address the elements of Arevalo-Chivas's asylum and withholding of removal claims as appropriate.

We review the BIA's factual findings for substantial evidence. *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007). Substantial evidence requires that the agency's decision be supported by "reasonable, substantial, and probative evidence on the record." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1056 (9th Cir. 2006) (citation omitted). "We do not require the BIA to 'discuss each piece of evidence submitted'" and "'[w]hen nothing in the record or the BIA's decision indicates a failure to consider all the evidence,' we will rely on the BIA's statement that it

properly assessed the entire record." *Martinez v. Clark*, 36 F.4th 1219, 1230 (9th Cir. 2022) (quoting *Cole*, 659 F.3d at 771). "But when there is an indication that something is amiss, like if the BIA 'misstat[es] the record' or 'fail[s] to mention highly probative or potentially dispositive evidence,' we do not credit its use of a 'catchall phrase' to the contrary. *Id.* at 1231 (quoting *Cole*, 659 F.3d at 771–72); *see also Flores Molina v. Garland*, 37 F.4th 626, 637–38 (9th Cir. 2022) (holding that the BIA erred in "failing to address highly probative evidence" and "selectively" citing the record to support its contention when determining whether petitioner established a well-founded fear of future persecution).

Here, the IJ and BIA disregarded Arevalo-Chivas's "highly probative" declaration and country conditions evidence that supported his nexus theory that he would face future persecution on account of being a "Salvadoran youth enrolled in college [and] perceived to be gang affiliated." *See Cole*, 659 F.3d at 771–72. The IJ and BIA unexplainably ignored Arevalo-Chivas's "potentially dispositive testimony" that the police officers confronted him because they believed he was a gang member and that his assailants stripped him naked to search for tattoos to determine whether he was gang affiliated. *See id.*; *see also Kebede v. Ashcroft*, 366 F.3d 808, 812 (9th Cir. 2004) (finding that the IJ erred in ignoring one of the persecutor's statements to the petitioner during an attack when determining nexus); *Deloso v. Ashcroft*, 393 F.3d 858, 864 (9th Cir. 2005) ("An applicant need not

2

present direct evidence of a persecutor's motives if there is compelling circumstantial evidence.") (citation omitted). Furthermore, both the BIA and IJ failed to consider Arevalo-Chivas's country conditions evidence that supported his testimony that the El Salvadoran government had directed police officers and security forces to target perceived gang members, even if innocent, no matter the cost. *See Ratnam v. I.N.S.*, 154 F.3d 990, 995 (9th Cir. 1998) (establishing that the BIA must consider country conditions reports when determining nexus); *see also Flores Molina*, 37 F.4th at 637–38 (requiring reversal where the BIA ignored country conditions evidence "contextualiz[ing]" the petitioner's "specific fears of persecution").

Because the BIA and IJ ignored critical record evidence when analyzing Arevalo-Chivas's nexus claim, the agency failed to give "reasoned consideration" to his likelihood of future persecution on account of being perceived as a gang member. *See Cole*, 659 F.3d at 771–73. Therefore, I would hold that the "decision cannot stand" and that remand is required. *See Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020).